Randall BRUNGARD, et
ux., Appellants,

v.

RISKY'S INC., et al., Patti Cakes
Baking Company, Inc.,
Respondents.

No. SC 88654.

Supreme Court of Missouri,
En Banc.

Dec. 18, 2007.

David T. Tunnell, James E. Corbett, Jr., Matthew W. Corbett, Anne H. Rogers, Springfield, for Appellants.

Susan Ford Robertson, Columbia, for Respondents.

RICHARD B. TEITELMAN, Judge.

Randall and Cindy Brungard appeal the judgment of the trial court setting aside a default judgment the Brungards received against Patti Cakes Baking Company, Inc. The judgment is affirmed.

## FACTS

On January 29, 2004, the Brungards filed a petition against "Risky's, Inc." in the Circuit Court of Miller County, Missouri. The petition alleged, *inter alia*, that Randall Brungard had slipped and fallen while he was on property owned and controlled by Risky's, Inc. The Brungards filed an amended petition on September 15, 2005, adding Patti Cakes Baking Company, Inc., as a defendant.

James Wedig is one of the owners of and the registered agent for Patti Cakes Baking Company, Inc. On January 18, 2006,

the Brungards served Wedig with process to initiate their suit against Patti Cakes. Patti Cakes did not file an answer or otherwise defend within 30 days following service.

On March 27, 2006, the Brungards filed a motion for default judgment against Patti Cakes. The circuit court held a hearing on the motion on April 13, 2006. The Brungards appeared, but no one appeared on behalf of Patti Cakes. The circuit court entered a default judgment in favor of the Brungards.

On May 3, 2006, Patti Cakes filed a motion to set aside the default judgment. Patti Cakes asserted that there was a meritorious defense based on the statute of limitations. Patti Cakes supplemented the motion with an affidavit by James Wedig in which Wedig attested as follows:

COMES NOW James Wedig, of lawful age, and states the following, all based on his personal knowledge:

1. That the undersigned is the registered agent for Patti Cakes Baking Company, Inc., a Missouri Corporation.

2. That the undersigned believes that he was served with a summons in this matter on or about January 18, 2006.

3. That the undersigned thought that he faxed the same to his insurance agent for delivery to his insurance carrier.

4. That the undersigned cannot find the summons and is not sure what he did with the same but he did not intentionally ignore this matter.

5. That the undersigned was unaware that a default was being taken against Patti Cakes Baking Company, Inc. on or about April 13, 2006 and only learned about the default later at which time he immediately contacted his insurance agent for the matter to be turned over to his insurance carrier and counsel.

The circuit court held a hearing on the motion to set aside the judgment but neither party offered live testimony. Based upon Wedig's affidavit, the circuit court sustained Patti Cakes' motion to set aside the default judgment. The Brungards appeal. This Court has jurisdiction. *Mo. Const. art. V, sec. 10.*

## ANALYSIS

Rule 74.05(d) provides that a default judgment can be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown. . . ." The rule specifies that "[g]ood cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* The Brungards contend that the circuit court's decision to set aside the default judgment should be reviewed under the standard of review set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), and, furthermore, that such review demonstrates that Patti Cakes has not shown good cause for failing to file an answer within 30 days after service as required by Rule 55.25.

### I. *Standard of Review*

██ Missouri appellate courts have traditionally afforded significant deference to the circuit court's decision to set aside a default judgment because of the public policy favoring the resolution of cases on the merits and the "distaste our system holds for default judgments." *Continental Basketball Ass'n v. Harrisburg Professional Sports Inc.,* 947 S.W.2d 471, 473 (Mo.App.1997), quoting, *Gibson by Woodall v. Elley,* 778 S.W.2d 851, 854 (Mo.App. 1989). Rather than applying the *Murphy* standard applied to court-tried cases, appellate courts have generally applied an abuse of discretion standard in determining whether the trial court erred in setting aside a default judgment. *Bell v. Bell,* 849

S.W.2d 194, 197 (Mo.App.1993); *Klaus v. Shelby,* 42 S.W.3d 829, 831 (Mo.App.2001); *CBD Enterprises, Inc. v. Braco Manufacturing, Inc.* 181 S.W.3d 129, 131 (Mo.App. 2005). Broad discretion is afforded to trial court decisions granting motions to set aside a default judgment while the trial court has narrowed discretion in decisions denying a motion. *Hopkins v. Mills–Kluttz,* 77 S.W.3d 624, 626 (Mo.App.2002). Such deference has been afforded whether the evidence supporting the motion to set aside the default was presented through exhibits and affidavits or through live testimony. *See Beckmann v. Miceli Homes, Inc.* 45 S.W.3d 533, 542 (Mo.App.2001)(applying abuse of discretion standard where the motion to set aside a default judgment was supported solely by affidavit).

Recently, the issue of the appropriate standard of review has been clouded because Missouri courts have disagreed regarding whether a motion to set aside a default judgment, if filed within 30 days after the default judgment, is an authorized after-trial motion or an independent action. In *McElroy v. Eagle Star, Group, Inc.,* 156 S.W.3d 392, 400 (Mo.App.2005), the court held that if a motion to set aside a default judgment was filed before the underlying default judgment is final, then the motion is treated as an authorized after-trial motion and appellate review is for abuse of discretion. If the motion was filed after the judgment was final, then the motion is an independent action reviewed under the standards set forth in *Murphy. McElroy,* 156 S.W.3d at 400–01.

In contrast, in *In re Marriage of Coonts,* 190 S.W.3d 590, 603 (Mo.App.2006), the court determined that motions to set aside a default judgment are always an independent action and, therefore, that appellate jurisdiction attaches only if the circuit court resolves the motion in an independent judgment. The *Coonts* court dis-

missed the appeal in the case and did not determine what standard of review to apply.

In order to resolve the issue of whether a default judgment is an independent action, Rule 74.05(d) was revised, effective January 1, 2007, to provide that:

(d) When Set Aside. Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. "Good cause" includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default. *A motion filed under this Rule 74.05(d), even if filed within 30 days after judgment, is an independent action and not an authorized after-trial motion subject to Rule 78.04 or Rule 78.06.* (Emphasis added).

■ The emphasized language in Rule 74.05(d) does nothing more than resolve the confusion regarding whether and when judgments denying or granting motions to set aside default judgments are appealable. Now, pursuant to Rule 74.05(d), a motion to set aside the default judgment is treated as an independent action, and the trial court's decision to grant or deny the motion is treated as an independent judgment. It does not follow, however, that the amended rule alters the abuse of discretion standard of review that is applied to motions to set aside a default judgment. The rule amendment does not alter prece-

dent that disfavors default judgments and establishes a strong preference for deciding cases on the merits. Abuse of discretion is the proper standard of review.

## II. *Good Cause*

■ The party moving to set aside the default judgment has the burden to prove good cause for setting aside the judgment. *In re Marriage of Pierce*, 867 S.W.2d 237, 238 (Mo.App.1993). "Good cause" is defined under Rule 74.05(d) as including "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Great Southern Savings & Loan Assoc. v. Wilburn*, 887 S.W.2d 581 (Mo. banc 1994). The adoption of the good cause standard of Rule 74.05(d) "considerably broadened" the discretion of a trial court to set aside a default judgment where a party mishandles legal documents. *CBD Enterprises, Inc. v. Braco Manufacturing, Inc.*, 181 S.W.3d 129, 132 (Mo.App. 2005).

■ Wedig's affidavit provides an adequate basis to support a finding that he did not intentionally impede the judicial process. Wedig attested that he "thought that he faxed" the summons to his insurance agent for delivery to his insurance carrier. There are a number of cases in which a party has proven by sworn affidavit that the party's conduct was based on a mistake or conduct not intentionally or recklessly designed to impede the judicial process. *See Gibson by Woodall v. Elley*, 778 S.W.2d 851 (Mo.App.1989)(papers mishandled by temporary clerks); *Billingsley v. Ford Motor Company*, 939 S.W.2d 493 (Mo.App.1997)(lawyer mistakenly failed to file answer); *Heintz Elec.Co. v. Tri Lakes Interiors, Inc.*, 185 S.W.3d 787 (Mo.App.2006)(defendant's employee inadvertently threw away the suit papers under the mistaken belief that the papers were from another case). Wedig's affida-

vit stating his belief that he provided notice by appropriately forwarding the suit papers to his insurance company is sufficient to demonstrate that he was neither reckless nor intentionally dilatory in failing to file a timely answer. The circuit court did not abuse its discretion in crediting Wedig's affidavit and setting aside the default judgment.

The judgment is affirmed.

All concur.