BARSTO CONSTRUCTION,
INC., Appellant,

v.

GLADSTONE SENIOR PARTNERS,
L.P., Respondents.

No. WD 69266.

Missouri Court of Appeals,
Western District.

Nov. 18, 2008.

Thomas M. Moore, Kansas City, MO, for appellant.

William L. Burk, Kansas City, MO, for respondent.

RONALD R. HOLLIGER, Judge.

Barsto Construction, Inc., (Barsto) appeals the trial court's setting aside of a default judgment entered in its favor against Gladstone Senior Partners, LP (Gladstone). On appeal, Barsto argues that the court abused its broad discretion to set aside the default judgment because Gladstone's submission of an affidavit attesting that it believed it updated its Missouri registered agent as to the address of its new general partner did not establish "good cause." We affirm the trial court's judgment because the affidavit was sufficient to establish good cause and the evidence does not show a reckless design to impede the judicial process.

### Factual and Procedural Background

Barsto took a default judgment against Gladstone, a Texas Limited Partnership, registered to do business in Missouri, when Gladstone failed to respond to a lawsuit involving a construction contract. Gladstone's registered agent in Missouri was Corporation Service Company (CSC), who Gladstone had instructed to forward litigation documents to Gladstone's general partner in Texas. At the time the suit was filed, Gladstone's general partner was Affordable Multi–Family, L.L.C. (Affordable), whose mailing address was in Long Beach, California. However, CSC's records showed the address of Gladstone's former general partner in Dallas, Texas, because Gladstone failed to inform CSC of the change in general partner, which happened four years earlier. According to the amendment to Gladstone's certificate of limited partnership filed with the Texas Secretary of State, CSC also acts as Gladstone's registered agent in Texas.

Gladstone first found out about the default judgment against it in this case when Barsto successfully moved to dismiss a federal lawsuit brought against it by Gladstone. That suit involved the same subject matter as the Missouri litigation and was barred on grounds of *res judicata.* Up to that point both parties were in regular contact, and Gladstone was under the impression that the parties would continue to try to resolve the dispute through arbitration or mediation. Barsto's counsel did not inform Gladstone of the litigation pending against it or the resulting default judgment.

In October of 2007, Gladstone moved the circuit court to set aside the default judgment under Rule 74.05(d). In support of the motion, Gladstone attached the affidavit of Brian Gentner, who attested that he "believed" he had taken the proper steps to ensure timely service of court documents and that the mistake in failing to update CSC was inadvertent. The motion was granted and Barsto appeals.

## Discussion

■■■ We apply an abuse of discretion standard to the circuit court's setting aside of a default judgment under Rule 74.05(d). *Brungard v. Risky's Inc.,* 240 S.W.3d 685, 687–88 (Mo. banc 2007). However, while the trial court's discretion to deny a motion to set aside a default judgment is "narrowed," its discretion to grant such a motion is "broad." *Id.* at 687. "Such deference has been afforded whether the evidence supporting the motion to set aside the default was presented through exhibits and affidavits or through live testimony." *Id.*

■■■ "Upon motion stating facts constituting a meritorious defense and for good cause shown ... a default judgment may be set aside." Rule 74.05(d). " 'Good cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* "[A] default judgment can ... be vacated even if the movant negligently failed to file a timely answer." *J.E. Scheidegger Co., Inc. v. Manon,* 149 S.W.3d 499, 504 (Mo.App. S.D. 2004). "[W]here a reasonable doubt exists as to whether the conduct was intentionally designed or irresponsibly calculated to impede the work of courts, it should be resolved in favor of good faith." *Id.* (internal quotation marks omitted). The burden to show good cause is on the party moving to set aside the default judgment. *Brungard,* 240 S.W.3d at 688.

Barsto does not contend that Gladstone had no meritorious defense, but only that the trial court's acceptance of Gladstone's explanation for failing to appear was an abuse of its discretion. Because Barsto does not argue that Gladstone *intended* to impede the judicial process, we must determine whether the trial court abused its discretion in determining that Gladstone did not do so recklessly. We defined reckless conduct in *McElroy v. Eagle Star Group, Inc.,* 156 S.W.3d 392, 403–04 (Mo. App. W.D.2005), *abrogated on other grounds by Pyle v. FirstLine Transp. Sec., Inc.,* 230 S.W.3d 52, 56–57 (Mo.App. W.D. 2007) (internal citations omitted):

In the Rule 74.05 context, "reckless" has been defined as meaning "lacking in caution" or "deliberately courting danger." One of the quintessential characteristics of reckless conduct is set out in the latest edition of *Black's Law Dictionary:*

Intention cannot exist without foresight, but foresight can exist without intention. For a man may foresee the possible or even probable consequences of his conduct and yet not desire them to occur; none the less if he persists on his course he knowingly runs the risk of bringing about the unwished result. To describe this

state of mind the word 'reckless' is the most appropriate. The words 'rash' and 'rashness' have also been used to indicate this same attitude.

This test of foreseeability may also be met objectively: " 'To be reckless, a person makes a conscious choice of his course of action, either with knowledge of the serious danger to others involved in it or with knowledge of the facts which would disclose the danger to a reasonable man.' " One may also be said to have acted recklessly if he or she is intentionally indifferent to a harmful consequence in that he or she simply "does not care about the consequences of his or her actions."

In *Brungard*, the motion court set aside a default judgment based entirely on an affidavit from the defaulting company's owner/registered agent. 240 S.W.3d at 686. The owner attested that he "thought that he faxed the [summons] to his insurance agent for delivery to his insurance carrier," and that he "did not intentionally ignore this matter." *Id.* at 686. The Supreme Court affirmed the motion court's judgment, holding that (1) the correct standard of review is abuse of discretion (as discussed above), and (2) the "affidavit provides an adequate basis to support a finding that [affiant] did not intentionally impede the judicial process." *Id.* at 687, 688. The court found that the "affidavit stating [defaulting party's] belief that he provided notice by appropriately forwarding the suit papers to his insurance company is sufficient to demonstrate that he was neither reckless nor intentionally dilatory in failing to file a timely answer." *Id.* at 688.

■ Here, Gentner, Vice President of Affordable, Gladstone's general partner, attested that he believed the amendment to Gladstone's certificate of limited partnership, filed with the Texas Secretary of State, would update the records of CSC in Missouri. The record also showed that CSC's Texas office was informed of the change in general partner and new California address. Gentner also attested that the error was inadvertent. Regardless of how unreasonable this belief was, it does not negate good cause unless it included an element of "foresight" or knowing disregard of risk that it would impede the judicial process. *See McElroy*, 156 S.W.3d at 403–04. Gladstone presented competent evidence of the lack of such mindset in the form of Gentner's affidavit.

Although there can be no doubt that Gladstone's failure to update its Missouri registered agent as to the address of its new general partner was negligent, we can not say, in light of *Brungard*, that the trial court's determination that it was not recklessly designed to impede the judicial process was an abuse of that court's broad discretion.

Barsto further argues that the registered agent, CSC, acted recklessly in sending the litigation documents to Gladstone's former general partner "without bothering to question why Gladstone was failing to respond." While it is true that the conduct of a company's registered agent is attributable to the company itself in this context, *McElroy*, 156 S.W.3d at 404 n. 8, CSC carried out the precise directions given to it by Gladstone. We do not think that doing so was reckless, as it showed no conscious disregard of the risk that Gladstone would not receive the documents.

The judgment is affirmed and the matter is remanded to the trial court for further proceedings.

JOSEPH M. ELLIS, Presiding Judge, and JOSEPH P. DANDURAND, Judge, concur.