**RX RECALLS, INC. and Mogil Corp., Plaintiffs/Respondents,**

**v.**

**DEVOS LTD., d/b/a Guaranteed Sales and d/b/a Guaranteed Returns, GRX Holdings, LLC, and Dean Volkes, Defendants/Appellants.**

**No. ED 92887.**

Missouri Court of Appeals, Eastern District.

May 4, 2010.

Application for Transfer to Supreme Court Denied June 8, 2010.

Application for Transfer Denied Aug. 31, 2010.

---

Fernando Bermudez, Green Jacobson, P.C., Clayton, MO, for appellants.

Lawrence C. Friedman, Matthew J. Landwehr, St. Louis, MO, for respondents.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J.

PER CURIAM.

The trial court entered a money judgment on a jury verdict in plaintiffs' favor on plaintiffs' joint and individual claims against defendants to recover damages for breach of an asset purchase agreement and promissory note defaults and other claims arising out of the sale of plaintiffs' business assets to defendants. It also granted plaintiffs' motion for directed verdict on the fraud count in defendants' counterclaim and struck defendants' affirmative defense based on fraud in the inducement. Defendants appeal. They assign error to the verdict-directing instruction on plaintiffs' count seeking damages for breach of the Asset Purchase Agreement. They also claim the trial court erred in entering the directed verdict on their counterclaim and striking their affirmative defense. We affirm.

With respect to defendants' claims on appeal, no error of law appears. An opinion reciting the detailed facts and restating the principles of law relating to the points on appeal would have no precedential value. However, we have furnished the parties with a memorandum for their information only setting forth the reasons for our affirmance.

Plaintiffs have moved for costs, attorney's fees, and expenses on appeal. "If a contract provides the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, the trial court must comply with the terms of the contract and award them to the prevailing party." *Clean the Uniform Co. v. Magic Touch Cleaning*, 300 S.W.3d 602, 612 (Mo.App.2009). We may award attorney's fees on appeal if they are authorized by the written agreement that is the sub-

ject of the issues on appeal. *Id.* Here, the Asset Purchase Agreement provided:

> 33. *Prevailing Party.* The prevailing party who receives a judgment arising out of litigation in connection with a breach or default under this Agreement shall be entitled to recover from the other party reasonable attorneys' fees and costs.

Further, each promissory note provided:

> In the event of default, the undersigned, jointly and severally, agree to pay Holder's costs of collection, including, without limit, reasonable attorneys' fees and expenses and court costs, regardless of whether or not litigation is commenced, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection costs. Such costs shall be added to the balance of principal and interest then due and shall be deemed secured by the Collateral or any security agreement.

All of the issues on appeal arose out of the litigation to recover damages for the breach of the Asset Purchase Agreement and the note defaults, and defenses and counterclaims therein. Defendants' challenge to plaintiffs' motion is limited to two specific items—time billed for tax advice and time billed for addressing the finality of the judgment. In addition, they generally challenge the total request as excessive in comparison with defendants' own counsel's fees.

We will address only the argument about the finality of the judgment because it involves this court's own files. Defendants claim that they should not have to pay for plaintiffs' counsel's time in responding to this court's request about the finality of the judgment because there was no final judgment on several counts until plaintiffs later dismissed those counts. This argument has no merit because it ignores the facts that defendants are the appellants, and that defendants filed their notice of appeal *before* the judgment was final. As a result of defendants' premature notice, we issued an order directing defendants to file a memorandum addressing whether the judgment was final and therefore appealable. The time plaintiffs' counsel spent on this matter would be attributable to attorney's fees incurred on appeal in this situation.

The motion for attorney's fees and costs is sustained. The trial court is better equipped than this court to hear evidence and argument on the remaining issues in plaintiffs' motion and make a determination of the reasonableness of the requested costs, fees, and expenses. Therefore, we remand to the trial court to conduct a hearing to determine and award reasonable costs, attorney's fees, and expenses incurred on appeal by plaintiffs.

*Conclusion*

The judgment of the trial court is affirmed pursuant to Rule 84.16(b). The case is remanded to the trial court with directions to conduct a hearing to determine the reasonableness of the costs, attorney's fees, and expenses incurred on appeal by plaintiffs, and to enter judgment accordingly.