Ramaiah **MADDIPATI** & Sreedevi **Maddipati, Respondents,**

v.

Christine **MOST** and Ameriquest Mortgage Company, **Defendants,**

**Deutsche Bank National Trust Company, Appellant.**

**No. ED 97652.**

Missouri Court of Appeals, Eastern District, Division Two.

June 12, 2012.

Scott Mosier, Chesterfield, MO, for appellant.

Richard E. Couglin, Clayton, MO, for respondents.

**KENNETH M. ROMINES, J.**

**Facts and Procedural History**

Appellant Deutsche Bank National Trust Company ("Bank") appeals the circuit court's denial of its motion to set aside a default judgment arising from a quiet title suit brought by Respondents Ramaiah and Sreedevi Maddipati ("the Maddipatis"). Finding no error, we affirm the circuit court's judgment.

In 2004, Christine Most owned residential property at 270 Denacre Drive ("Property"). Most executed a Deed of Trust for the Property which was recorded in the St. Louis County Records on 17 December

2004. Bank was holder of the Deed of Trust. For clarity, a portion of the remaining relevant facts are listed in chronological order below:

25 Aug. 2008: The Maddipatis purchase Property at a delinquent land tax sale for $9,937.

14 May 2009: The Maddipatis mail a letter and notice of redemption to Bank's office, 1761 East St. Andrew Plaza, Santa Ana, CA 92705.

31 Aug. 2009: St. Louis County Collector executes a Collector's Deed for Taxes.

2 Oct. 2009: Collector's Deed mailed conveying Property to the Maddipatis.

5 Oct. 2009: Collector's Deed recorded by the Maddipatis in the St. Louis County Records.

29 Oct. 2009: The Maddipatis file a Quiet Title Petition for Property in St. Louis County Circuit Court.

9 Dec. 2009: Bank served with process at Bank's office, 300 S. Grand Ave, 41st Floor, Los Angeles, CA 90013. The Summons was served on Becky Bailan, an Administrative Assistant.

17 Dec. 2009: The Maddipatis file an Affidavit of Service in the circuit court.

15 Jan. 2010: The Maddipatis file a Motion for Default Judgment.

13 Feb. 2010: Circuit court enters default judgment quieting title of Property in the Maddipatis.

March 2010: Bank attempts to foreclose on Deed of Trust and discovers the default judgment.

23 Sept. 2010: Bank files a Motion to Set Aside Default Judgment.

7 Nov. 2011: Circuit court denies the Motion to Set Aside Default Judgment.

Aggrieved, Bank now appeals. Additional relevant facts are provided as needed in the discussion section.

## Standard of Review

■ A decision on a motion to set aside a default judgment is reviewed for abuse of discretion. *Brungard v. Risky's Inc.,* 240 S.W.3d 685, 687–88 (Mo. banc 2007). Accordingly, we will affirm the ruling of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). There is, however, "a strong preference for deciding cases on the merits" and against resolving litigation by default. *Brungard,* 240 S.W.3d at 688. Consequently, courts have broader discretion when sustaining a motion to set aside a default judgment than when overruling such a motion. *Id.* at 687.

## Discussion

Bank raises two points on appeal. First, it argues that the circuit court erred in not setting aside the default judgment because there was a sufficient showing of good cause for not responding to the quiet title petition. Second, it argues that circuit court committed "plain error in that there was manifest injustice in denying [Bank] the opportunity to protect its lien interest in the real property at issue." We disagree and affirm the judgment of the circuit court.

### I.

■ Under Rule 74.05(d), a default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown." The motion must also be made "within a reasonable time not to exceed one year after the entry of the default judgment." Rule 74.05(d). "In other words, it is contingent upon the movant to (1) file his motion within a reasonable time, (2) show a meritorious defense, and (3) show good cause

for failure to answer the original summons." *Pyle v. FirstLine Transp. Sec., Inc.,* 230 S.W.3d 52, 57 (Mo.App. W.D. 2007).

The only issue in dispute here is whether Bank's motion showed good cause for failing to answer the Maddipati's petition to quiet title. "Good cause" includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. Rule 74.05(d). Good faith mistakes can constitute good cause and the default judgment can be vacated even though a party has negligently failed to timely file an answer. *In re Marriage of Macomb,* 169 S.W.3d 191, 194 (Mo.App. S.D.2005). Good cause should be interpreted liberally not only to prevent a manifest injustice, but also to avoid a threatened one, especially in cases tried without a jury where evidence on only one side is presented. *Pyle,* 230 S.W.3d at 58.

In the original motion, Bank argued that good cause was established because it was not properly served with notice of the quiet title action. Bank argued that service upon Becky Bailan, an administrative assistant, in Bank's branch office in Los Angeles did not comply with Rule 54.13's service of process requirements.[1] Bank argued that Bailan was not qualified to receive service, nor was the Los Angeles office the correct place of service because Bank's Santa Ana office was recorded on the Deed of Trust.

The problem with Bank's original motion is that the arguments were conclusory, and not supported by facts showing that the service upon Bailan was improper. "Rule 55.28 provides that when a motion is based on facts not appearing in the record, the court may hear the matter on affidavits." *Estep v. Atkinson,* 886 S.W.2d 668, 674 (Mo.App. S.D.1994). "An affidavit is a declaration on oath, in writing, sworn to by a person before someone authorized to administer such an oath." *Id.* (internal citations omitted). With the motion, Bank filed only a single "affidavit" from Tonya Hopkins, an assistant secretary and vice-president located in Florida. The document shows that Hopkins "certified" the facts supporting Bank's argument, and she signed the document before a notary public in Florida. There is no indication that Hopkins attested to the facts therein under oath—the document merely amounted to an unsworn statement. *See id.* As such, it could not properly establish inadequate service.

When the motion was finally called for a hearing on 18 May 2011, the circuit court passed the motion for an additional thirty days to give Bank time to file supplemental affidavits. Bank did not file any additional affidavits. After a status conference on 9 August 2011, the circuit court issued another order granting Bank a final thirty days to file supplemental affidavits. The circuit court specifically stated that if Bank failed to file supplemental affidavits, the court would rule upon the motion based upon the existing affidavit. Again, Bank failed to file any supplemental affidavits. In denying the motion on 7 November 2011, the court stated that Bank "has failed to comply with the provisions of Missouri Civil Procedure Rule 74.05(d) in that Deutsche Bank has failed to meet the requirements of establishing facts sufficient to show good cause for failure to

---

1. Under Rule 54.13(b)(3), service upon a domestic or foreign corporation outside Missouri must be made by delivering a copy of the summons and petition to "an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process."

answer the original summons in plaintiffs' petition to quiet title."

Given that Bank filed only a single affidavit which failed to demonstrate sufficient facts showing that service upon Bailan was improper—despite the fact that the circuit court granted *two* extensions to allow Bank to file supplemental affidavits—we cannot say that the circuit court abused its discretion. To the contrary, Bank's behavior in ignoring the circuit court's stipulations appears intentionally designed to impede the judicial process, and the circuit court's ruling was wholly appropriate. Therefore, this point is denied.

## II.

In Bank's second point on appeal, it argues that the circuit court committed plain error in denying the motion to set-aside the default judgment. Rule 84.13(c) provides that, "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court find that manifest injustice or miscarriage of justice has resulted therefrom." Bank argues that a manifest injustice occurred because it was not given an opportunity to protect its lien interest, but it fails to indicate what issues were not presented to the circuit court. Therefore, we do not see how the plain error rule is even relevant on appeal. The point is denied.

Based on foregoing, the circuit court did not err in denying Bank's motion to set aside the default judgment. The judgment is affirmed.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.