

# In the
# Missouri Court of Appeals
## Western District

MEGAN M. LEE,

         **Respondent,**

v.

SHANE D. LEE,

         **Appellant.**

WD77256

OPINION FILED:

NOVEMBER 25, 2014

**Appeal from the Circuit Court of Clay County, Missouri**
**The Honorable David Paul Chamberlain, Judge**

**Before Division One: Thomas H. Newton, P.J.,**
**Lisa White Hardwick, Anthony Rex Gabbert, JJ.**

Shane D. Lee ("Husband") appeals the circuit court's judgment denying his motion to set aside a judgment against him. Husband raises one point on appeal. In his sole point on appeal, Husband argues that the trial court erred and abused its discretion in overruling his Motion to Set Aside Default Judgment. Husband contends that he presented sufficient evidence to the trial court to establish a meritorious defense and good cause, as required by Rule 74.05(d), for failing to file a responsive pleading to Wife's Petition for Dissolution of Marriage. We affirm.

### Factual Background

Husband and Megan M. Lee ("Wife") were married on November 28, 2009 in Clark County, Nevada. During their marriage, Husband and Wife had one child. The child is now two

years old.  The parties resided in Clay County, Missouri until they separated.  After separation, Husband relocated to the state of Louisiana.

On May 2, 2013, Wife filed her Petition for Dissolution of Marriage.  Husband was served with the summons and process in this cause on May 30, 2013.  Thirty days elapsed and Husband failed to file any responsive pleadings.  Nearly seventy-five days had elapsed between the service date and the date counsel filed a Notice of Hearing.  Wife's counsel sent a Notice of Hearing directly to Husband on August 12, 2013.  The notice specifically indicated that this cause would be called on August 22, 2013.  The notice also contained contact information for Wife's counsel as well as the phone number to the court where the hearing would be held.

At the hearing on August 22, 2013, Wife appeared in person and by counsel.  Husband failed to appear.  This cause was called for disposition.  This Court entered a Default Judgment and Decree of Dissolution of Marriage on August 22, 2013.  The dissolution decree granted Wife sole physical and legal custody of their child with Husband receiving restricted supervised visitation in the Kansas City area.  The decree also ordered Husband to pay monthly child support in the amount of $1,656 and spousal maintenance in the amount of $2,000 per month.

On September 4, 2013, Husband filed a Motion to Set Aside Default Judgment.  Wife filed in Opposition with Suggestions in Support on September 9, 2013.  A hearing was held on December 18, 2013.  At the hearing, both Husband and Wife testified.  At the conclusion of the hearing, the court denied Husband's Motion to Set Aside Default Judgment.  Husband appeals.

**Default Judgment**

In his sole point on appeal, Husband argues that the trial court erred and abused its discretion in overruling his Motion to Set Aside Default Judgment.  Husband contends that he presented sufficient evidence to the trial court to establish a meritorious defense and good cause,

2

as required by Rule 74.05(d), for failing to file a responsive pleading to Wife's Petition for Dissolution of Marriage. We find no error.

When reviewing a trial court's decision to grant or deny a motion to set aside a default judgment, we review for an abuse of discretion. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686-87 (Mo. banc 2007). An abuse of discretion occurs when the trial court's "ruling is clearly against the logic of the circumstance then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Peters v. Gen. Motors Corp.*, 200 S.W.3d 1, 23 (Mo. App. 2006).

The trial court has narrowed discretion to deny a motion to set aside a default judgment and broad discretion to sustain such a motion. *Brungard*, 240 S.W.3d at 687. "The narrowed discretion to deny a motion to set aside a default judgment stems from the public policy favoring the decision of cases on their merits." *Coble v. NCI Bldg. Systems, Inc.*, 378 S.W.3d 443, 447 (Mo. App. 2012) (internal quotations omitted). Due to this narrowed discretion, "'appellate courts are more likely to reverse a judgment which fails to set aside a default judgment than one which grants that relief.'" *Id.* (quoting *Myers v. Pitney Bowes, Inc.*, 914 S.W.2d 835, 838 (Mo. App. 1996)). Deference towards granting a motion to set aside a default judgment is afforded regardless of whether evidence supporting the motion was presented through exhibits and affidavits or through live testimony. *Barsto Constr., Inc. v. Gladstone Senior Partners, L.P.*, 270 S.W.3d 440, 442 (Mo. App. 2008).

A motion to set aside a default judgment must state facts constituting a meritorious defense and good cause shown and "be made within a reasonable time not to exceed one year after the entry of default judgment." Rule 74.05(d). While Husband filed his motion to set aside the default judgment within a reasonable time, Husband failed to show good cause. As

3

Husband's failure to show good cause is dispositive, this Court makes no opinion as to Husband's meritorious defense claim.

The party moving to set aside the default judgment has the burden to show good cause. *Barsto Constr., Inc.*, 270 S.W.3d at 442. "'Good Cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). "Good cause should be given a liberal interpretation and includes good faith mistakes and even negligence in failing to file a timely answer." *Dozier v. Dozier*, 222 S.W.3d 308, 313 (Mo. App. 2007). In distinguishing between negligence and recklessness in the context of Rule 74.05:

> A person is negligent, if his inadvertence, incompetence, unskillfulness or failure to take precautions precludes him from adequately coping with a possible or probable future emergency. To be reckless, a person makes a conscious choice of his course of action, either with knowledge of the serious danger to others involved in it or with knowledge of the facts which would disclose the danger to a reasonable man.

*Id.* (quoting *Mullins v. Mullins*, 91 S.W.3d 667, 670 (Mo. App. 2002)). When determining whether conduct intentionally or recklessly was designed to impede the judicial process, reasonable doubt should be resolved in favor of good faith. *Barsto Constr., Inc.*, 270 S.W.3d at 442.

At the hearing on Husband's motion to set aside default judgment, Husband testified and acknowledged that he was personally served the petition for dissolution of marriage at his home in Louisiana. He further testified that when the petition was received, Husband knew that Wife was requesting a dissolution of their marriage. Despite knowing that the petition was for dissolution, Husband acknowledged that he set aside the petition and did not file an answer to Wife's petition.

A few months after receiving the petition, a notice of default was mailed to Husband notifying him of the default hearing date approximately nine days later.[1] Like the petition, Husband opened the notice and set it aside. As a result, Husband did not appear at the default hearing and judgment was entered setting forth, among other things, child custody, child support, and spousal maintenance.

Despite Husband intentionally disregarding the petition and notice, Husband argues that because of his lack of education and inability to read he was unable to read and understand the lawyer terms of the petition and notice. In support of his argument, Husband testified that the highest level of education that he completed was the eighth grade. While Husband may struggle to read and understand correspondences like the petition and notice, the record reflects that Husband understood enough of the information in the petition and notice to respond and had ample time to seek assistance reading and understanding the entire petition and notice, if needed.

First, Husband testified that he knew that the petition was for a dissolution of marriage when he received it. Husband also testified that he saw and understood the contact information for Wife's counsel and the contact information on the notice for the court where the hearing was to be held.

Second, even if Husband struggled to read and understand the petition and the notice, Husband had ample time to seek assistance from others if he needed help. Husband testified that his sister, father, and stepmother helped him to read correspondences. After receiving the petition, Husband had thirty days to respond to the petition, which is ample time to seek assistance. Instead of seeking assistance, Husband simply set the petition aside. While the

---

[1] There is a dispute about whether notice was sent to an employment address or Husband's home address. Regardless of where it was sent, Husband acknowledged receipt of the notice.

record reflects that Husband did not seek out assistance for the petition, Husband did seek assistance from his father to help to go over the notice. Furthermore, Husband also had his sister, father and stepmother assist him in understanding the default judgment. Thus, the record reflects that Husband had ample time to seek assistance to better understand the petition and notice. For whatever reasons, Husband sought after assistance for the notice and default judgment but failed to seek assistance for the petition for dissolution of marriage.

With this evidence on the record, the trial court correctly summed up this case when it stated: "[Husband] received a summons. He was served notice. By his own admission, he glanced at it and set it aside. He took no actions whatsoever to respond. He didn't show up. He now basically wants to do it all over again. Aside from going and picking him up, I'm not sure what [Wife] was supposed to do to get him to come to court."

As Husband failed to meet his burden in showing good cause, we conclude that the trial court did not abuse its discretion in denying Husband's motion to set aside the default judgment. Thus, we find no error. Point one is denied.

We conclude, therefore, that the trial court did not error in denying Husband's motion to set aside the default judgment because Husband testified that he set the petition aside after opening it even though he knew it was a petition for dissolution of marriage. As a result, Husband failed to meet his burden in showing good cause as required by Rule 74.05(d). We affirm the circuit court's judgment.

_____
Anthony Rex Gabbert, Judge

6

All concur.