

# In the Missouri Court of Appeals
## Eastern District

### <u>DIVISION FOUR</u>

| | | |
|---|---|---|
| SHARON DASH, ET AL., | ) | No. ED110698 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Thomas C. Albus |
| TRESSA MITCHELL, ET AL., | ) | |
| | ) | |
| Respondents. | ) | Filed: February 14, 2023 |

### Introduction

Sharon Dash, Bill Blacksher, and Cynthia Sowell, as Trustees of the Riverwood Estates Homeowners Association ("Appellants"), appeal the judgment of the Circuit Court of St. Louis County granting Tressa Mitchell's ("Respondent") Rule 74.05(d) motion to set aside the default judgment entered against her on February 17, 2021.[1] Appellants raise two points on appeal. In Point I, Appellants argue the trial court erred because Respondent failed to demonstrate her motion to set aside was filed within a reasonable time. In Point II, Appellants argue the trial court erred because Respondent failed to demonstrate good cause to set aside the default judgment. Because the trial court abused its discretion in finding Respondent demonstrated good cause to set aside the default judgment, we grant Point II. Because Point II is dispositive, we decline to address Point I.

---

[1] All Rule citations are to the Missouri Supreme Court Rules (2022), unless otherwise indicated.

Appellants filed a motion for attorneys' fees, which we took with the case. This motion is granted.

We reverse and remand for proceedings consistent with this opinion.

**Factual & Procedural History**

On September 3, 2020, Appellants filed a petition seeking damages and an injunction against Respondent for violating the HOA's covenants and use restrictions. Appellants alleged several violations, including personal property strewn across the lot, loud music, improper parking, exposed garbage, broken shutters, and other nuisances detracting from the aesthetic beauty and value of the community. Appellants alleged they sent Respondent several letters before filing their petition. Respondent was personally served the petition and summons by the county sheriff on September 10, 2020.

On October 8, 2020, Respondent sent a letter to the trial court "in reference to the summons." Respondent requested a continuance because she is disabled and would have difficulty coming to court. Respondent alleged "the things on the summons" were addressed "long before" Appellants' petition was filed. On October 16, 2020, Appellants filed a Rule 74.05(a) motion for default judgment alleging thirty days had passed since service and Respondent had failed to file a responsive pleading. On January 27, 2021, Appellants filed an amended motion for default judgment alleging Respondent had not filed a responsive pleading and had taken no action since sending her letter to the trial court. Both motions for default judgment included a certificate of service indicating they were mailed to Respondent. On the same day, Appellants filed a notice indicating they would move for a default hearing on February 9, 2021. The notice provided a Zoom meeting login link and passcode and included a certificate of service indicating it was mailed to Respondent.

2

On February 9, 2021, the trial court held a default hearing. Appellants appeared by counsel. Respondent did not appear. The trial court entered an interlocutory order of default judgment and set a hearing for February 17, 2021, via Zoom. Counsel for Appellants filed an affidavit describing his costs and fees and asserting he sent three letters to Respondent requesting she stop violating the property covenants prior to filing the petition. Respondent did not appear at the February 17, 2021, remote hearing. The trial court entered a default judgment granting Appellants damages, attorneys' fees, and a permanent injunction on February 17, 2021.

On March 22, 2021, Appellants' attorney sent Respondent a certified letter, return receipt requested. Respondent signed the receipt card for that letter on March 26, 2021. The certified letter provided Respondent a copy of the February 17, 2021, default judgment, which advised her of the following: the February 9, 2021 interlocutory order of default, her failure to appear for the hearing on February 17, 2021, the judgment against her enjoining her and all residents of her home from nine detailed specific actions, the award of attorneys' fees and costs against her totaling $3,325.20, nine percent post-judgment interest and any "reasonable attorneys' fees required for the collection or defending this judgment." The letter further advised her of the Appellants' contention she was in violation of the injunction, the additional attorneys' fees the Appellants were incurring, and the Appellants' intent to file a motion for civil contempt against her if there were any future violations of the injunction, in which the Appellants would seek additional attorneys' fees, costs, and request the Court "levy a significant fine against you."

On September 24, 2021, Appellants filed their first amended petition for civil contempt alleging Respondent and other residents of her home were consistently violating the injunction. On January 21, 2022, the trial court ordered Respondent to show cause why she should not be found in contempt.

On February 16, 2022, Respondent, through counsel, filed a Rule 74.05(d) motion to set aside the default judgment. Respondent alleged she is an amputee, undergoes dialysis three times per week, struggled to manage her health during the COVID-19 pandemic, and is not educated in the legal process. Because of these factors, Respondent claimed "she neglected to address the petition and failed to understand what steps she needed to take." Respondent alleged she had a meritorious defense in that she denies Appellants' allegations and "disputes the damages alleged, such as the depreciation of other property values in the neighborhood."

Respondent filed an affidavit alleging she is a fifty-year-old, disabled, single mother with severe arthritis who receives dialysis three times each week. She alleged her health, disability, and the COVID-19 pandemic made it difficult for her to "manage." Respondent alleged she is not a lawyer and has only a "GED and a CAN license." Respondent alleged she "did not understand what a legal answer was and that by not filing an answer [she] would relinquish all of [her] rights." Respondent alleged since the petition was filed she has "paid $5,000 to the Home Owner's Association and [has] been working to resolve the issues in the lawsuit." Respondent alleged she tried to comply with the injunction and thought "the lawsuit was taken care of" by her letters, payments, and efforts to comply. Respondent alleged she "did not mean to be difficult or slow down the case."

In her memorandum in support of her motion to set aside the default judgment, Respondent characterized her October 8, 2020, letter to the court as one that denied the allegations and asserted her attempt to remedy the complaints against her. Respondent argued she "did not just ignore the suit" because, as set forth in her affidavit, she paid $5,000 to the HOA and tried her best to adhere to the injunction and the HOA covenants. Respondent argued while "these actions may not be an official 'Answer' as required by the Rules, they do indicate

4

that there was no conscious effort by Defendant to undermine the judicial system" or "thwart" Appellants. After a hearing, the trial court granted Respondent's motion to set aside the default judgment on April 25, 2022.

This appeal follows.

## Standard of Review

A motion to set aside a default judgment is an independent action and the decision to grant or deny the motion is an independent judgment. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687 (Mo. banc 2007) (citing Rule 74.05(d)). We afford significant deference to a trial court's decision to set aside a default judgment because public policy favors resolution of cases on their merits. *Id.* (citing *Cont'l Basketball Ass'n v. Harrisburg Pro. Sports Inc.*, 947 S.W.2d 471, 473 (Mo. App. E.D. 1997)). We review for an abuse of discretion because our system holds a "distaste" for default judgments. *Id.* (quoting *Cont'l Basketball Ass'n*, 947 S.W.2d at 473). An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances before the court at the time and is so unreasonable and arbitrary that it shocks one's sense of justice and indicates a lack of careful consideration. *Beverly v. Hudak*, 545 S.W.3d 864, 869 (Mo. App. W.D. 2018) (citing *Westerman v. Shogren*, 392 S.W.3d 465, 469–70 (Mo. App. W.D. 2012)).

The trial court enjoys broader discretion in granting a motion to set aside than it does in denying one. *Brungard* 240 S.W.3d at 687 (citing *Hopkins v. Mills-Kluttz*, 77 S.W.3d 624, 626 (Mo. App. E.D. 2002)). We provide this deference even where the motion to set aside is supported only by affidavit. *Id.* (citing *Beckmann v. Miceli Homes, Inc.*, 45 S.W.3d 533, 542 (Mo. App. E.D. 2001)). We defer to the trial court in its assessment of facts but apply *de novo*

review to questions of law and application of law to facts. *Pearson v. Koster*, 367 S.W.3d 36, 44 (Mo. banc 2012).

Appellants argue our standard of review is *de novo* because no facts are contested. *Id.* at 44. Appellants argue evidence can be contested in many ways, "such as by putting forth contrary evidence, cross-examining a witness, challenging the credibility of a witness, pointing out inconsistencies in evidence, or arguing the meaning of the evidence." *Id.* Appellants argue Respondent made none of these challenges. Respondent argues we should review for an abuse of discretion and affirm the trial court's judgment. *Jones v. Riley*, 560 S.W.3d 540, 544 (Mo. App. E.D. 2018) (citing *Brungard*, 240 S.W.3d at 687–88). Because the parties dispute the meaning of the facts, we review for an abuse of discretion. *Pearson*, 367 S.W.3d at 44.

**Discussion**

*Rule 74.05(d)*

Both of Appellants' points concern the trial court's application of Rule 74.05(d). Under Rule 74.05(d), a court may set aside a default judgment upon a motion stating facts constituting a meritorious defense and good cause to set aside the default judgment, which includes "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Brungard*, 240 S.W.3d at 687. The motion must be filed within a "reasonable time" not to exceed one year after the entry of default judgment. Rule 74.05(d).

*Point II: Good Cause*

In Point II, Appellants argue the trial court erred in granting Respondent's motion to set aside the default judgment because Respondent failed to demonstrate good cause, which was her burden to prove. *Brungard*, 240 S.W.3d at 688. Appellants argue there is no evidence in the record Respondent had good cause for taking no action prior to default, and the evidence reflects

an "intentional or reckless design to impede the judicial process." *Klaus v. Shelby*, 42 S.W.3d 829, 830 (Mo. App. E.D. 2001). Appellants argue granting a motion to set aside a judgment without requiring the movant to prove their allegations is reversible error. *Reed v. Reed*, 48 S.W.3d 634, 642 (Mo. App. W.D. 2001), *overruled on other grounds by McElroy v. Eagle Star Grp., Inc.*, 156 S.W.3d 392, 401 (Mo. App. W.D. 2005).

Appellants argue Respondent's conduct was reckless because it lacked caution and courted danger. *First Cmty. Bank v. Hubbell Power Sys., Inc*., 298 S.W.3d 534, 539 (Mo. App. S.D. 2009). Appellants note on September 10, 2020, Respondent was served the petition and summons, which advised her she had thirty days to respond, failing which a default could be taken. The summons advised Respondent she could call or email the court if she has special needs. Appellants argue Respondent's bare assertion she thought the lawsuit was "taken care of" did not satisfy her burden to prove good cause. Appellants also contend it is impossible to know from Respondent's affidavit why she did not timely respond to the petition, and this silence in the record reflects an intentional or reckless design to impede the judicial process. *Klaus*, 42 S.W.3d at 830. Appellants argue Respondent's assertions about her health, education, and sophistication are bare "allegations without evidentiary support" which are insufficient grounds to set aside a default judgment. *Irvin v. Palmer*, 580 S.W.3d 15, 23 (Mo. App. E.D. 2019). Appellants argue a trial court abuses its discretion by setting aside a default judgment if the record lacks evidence of good cause. *Klaus*, 42 S.W.3d at 830; *Krugh v. Hannah*, 126 S.W.3d 391, 393 (Mo. banc 2004).

Respondent argues her affidavit supports the trial court's finding of good cause because her allegations were not conclusory and are distinguishable from cases where a movant cites "absolutely no evidence" supporting good cause. *Klaus*, 42 S.W.3d at 832. Respondent argues

7

her prompt letter to the trial court upon service and payment to Appellants demonstrate her intent to engage with the case. Respondent contends even forgetting to file a response may warrant a finding of good cause absent evidence of bad faith. *Krugh*, 126 S.W.3d at 393. Respondent argues she did not understand her failure to respond would "relinquish all of [her] rights," which satisfies good cause because her actions were not intentionally or recklessly designed to impede the judicial process. Respondent argues the payment she made to Appellants does not suggest she was aware of the default judgment. Respondent notes we construe any reasonable doubt in favor of her good faith. *J.E. Scheidegger Co., Inc. v. Manon*, 149 S.W.3d 499, 504 (Mo. App. S.D. 2004).

A party moving to set aside a default judgment has the burden to prove good cause. *Brungard*, 240 S.W.3d at 686 (citing *In re Marriage of Pierce*, 867 S.W.2d 237, 238 (Mo. App. S.D. 1993)). Rule 74.05(d) specifies good cause includes "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* at 686. A person acts recklessly if they are intentionally indifferent to the harmful consequences of their actions. *Saturn of Tiffany Springs v. McDaris*, 331 S.W.3d 704, 709 (Mo. App. W.D. 2011) (citing *Barsto Const., Inc. v. Gladstone Senior Partners, L.P.*, 270 S.W.3d 440, 442 (Mo. App. W.D. 2008)). Reasonable doubts are construed against a finding of recklessness. *Id.* (citing *Barsto Const., Inc.*, 270 S.W.3d at 442). We interpret "good cause" liberally to include good faith mistakes and even negligence in failing to file a timely answer. *Paes v. Bear Commc'ns, LLC*, 568 S.W.3d 52, 59 (Mo. App. W.D. 2019) (citing *Lee v. Lee*, 449 S.W.3d 383, 385 (Mo. App. W.D. 2014)).

Recklessness entails a conscious choice of a course of action, either with knowledge of a serious danger or knowledge of facts which would disclose the danger to a reasonable person. *Id.*

(citing *Lee*, 449 S.W.3d at 385). Intentional indifference, meaning a lack of care about the consequences of a person's actions, can be reckless. *Vogel v. Schoenberg*, 620 S.W.3d 106, 112 (Mo. App. W.D. 2021) (citing *Coble v. NCI Bldg. Sys., Inc.*, 378 S.W.3d 443, 448 (Mo. App. W.D. 2012)). Recklessness describes a deliberate choice to risk the possibility of a default judgment, while mere negligence occurs if a party's "inadvertence, incompetence, unskillfulness or failure to take precautions precludes him from adequately coping with a possible or probable future emergency." *Id.* at 112 (quoting *Piva v. Piva*, 610 S.W.3d 395, 401 (Mo. App. E.D. 2020)).

An affidavit asserting a movant's mistaken belief they took appropriate action (by forwarding a summons to his insurer) has been held sufficient to demonstrate good cause. *Brungard*, 240 S.W.3d at 686. But we have held good cause is not established where an affiant merely asserts his own good faith, that he is "unfamiliar" with legal documents, and he does not know "what became of the summons and petition" after he was served. *Beckmann*, 45 S.W.3d at 542. We noted such a "careless attitude" may *preclude* a finding of good cause. *Id.* (citing *Boatmen's First Nat'l Bank v. Krider*, 844 S.W.2d 10, 12 (Mo. App. W.D. 1992)). Similarly, in *Vogel*, the Western District affirmed a trial court's determination it was reckless for a party to receive a summons warning of a default judgment, understand its implications enough to call other parties to address the summons, but take no further action to ensure his interests had been protected. 620 S.W.3d at 113–14.

We note Appellants have failed to file a transcript from the default hearing as none was made. Unless there is a statutory mandate requiring that a hearing be held on the record, it is the appellant's responsibility, not the court's, to ensure a transcript is made in order to preserve the record. *Poke v. Mathis*, 461 S.W.3d 40, 43 (Mo. App. E.D. 2015) (citing *Butler v. Mo. Crim.*

9

*Recs. Repository*, 241 S.W.3d 429, 430 (Mo. App. E.D. 2007)). It is an appellant's burden to file all the evidence necessary to determine a question presented. Where a transcript is not filed, we presume it would have been unfavorable to the appellant. *Beckmann*, 45 S.W.3d at 542–43 (citing *Delf v. Cartwright*, 651 S.W.2d 622, 624 (Mo. App. E.D. 1983)). Although the record shows Respondent did not attend the hearing on her motion to set aside the default judgment, her counsel did. Because there is no transcript in our record we assume Respondent's counsel disputed evidence, warranting abuse of discretion review. *See Wooten v. Wentworth Entm't Grp., LLC*, 552 S.W.3d 118, 122 (Mo. App. S.D. 2018) ("Counsel for Wooten did, however, contest Riley's evidence, essentially arguing that Riley was not credible. The resolution of this contested issue required the trial court to make a factual determination as to whether the underlying circumstances surrounding Riley's delay were reasonable."). Here, the resolution of this case required the trial court to make factual determinations regarding good cause in the failure to file an answer and a reasonable time to file the motion to set aside the default.

But even under a review for an abuse of discretion, we must reverse the trial court's judgment. The facts alleged in Respondent's affidavit invite only one interpretation: Respondent was careless and intentionally ignored a judicial proceeding. Her actions demonstrate a deliberate course of action to refuse to respond to Appellants' pleadings and the trial court's orders. *Coble*, 378 S.W.3d at 448 (citing *Heintz Elec. Co. v. Tri Lakes Interiors, Inc.*, 185 S.W.3d 787, 793 (Mo. App. S.D. 2006)). This Court has held a movant's claims of unfamiliarity with legal documents and a bare assertion of good faith "suggest a 'careless attitude,' *which has been held to preclude a finding of good cause*." *Beckmann*, 45 S.W.3d at 542 (quoting *Boatmen's First Nat'l Bank*, 844 S.W.2d at 12) (emphasis added); *cf. Heintz*, 185 S.W.3d at 793 (holding unfamiliarity with the legal system demonstrated good cause where affiant confused two similar

cases and promptly moved to set aside default judgment). Rather than a good faith mistake or failed attempt to participate in her case, Respondent's lone response to the trial court — sending a letter requesting more time — resembles taking "no action whatsoever." *Yee v. Choi*, 641 S.W.3d 272, 281 (Mo. App. W.D. 2021), *transfer denied* (Feb. 1, 2022), *transfer denied* (Apr. 5, 2022). Despite Respondent's stated belief she believed her case was "taken care of" after paying a sum to Appellants, there is no reason she could not have inquired into the status of her case, especially given the trial court held remote hearings. Respondent was repeatedly mailed notice that her case was ongoing and was not "taken care of." Appellant's general assertions regarding her age, health, and education do not satisfy her duty to demonstrate good cause. Respondent has failed to explain how her alleged difficulties prevented her from acting prior to the entry of default judgment, despite her duty under Rule 74.05(d) to "explain how these conclusory statements constituted good cause." *Kelly-Patel v. Wensel*, 588 S.W.3d 604, 610 (Mo. App. E.D. 2019).

Respondent correctly notes we prefer to decide cases on their merits, but we also recognize the strong public policy interests in protecting final judgments and the "fundamental policy on which the administration of justice rests—that parties obey and respect orders of the court to appear or respond or otherwise to take some action." *Smith v. Smith*, 524 S.W.3d 95, 99 (Mo. App. E.D. 2017); *Kelly-Patel*, 588 S.W.3d at 610–61 (quoting *Plasmeier v. George*, 575 S.W.3d 485, 488 (Mo. App. E.D. 2019)). Our general policy favoring disposition on the merits "must be carefully applied to the facts of each case in the interest of justice; for, the law defends with equal vigor the integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof." *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97, 100 (Mo. banc 1989).

Because the allegations in Respondent's affidavit demonstrate a deliberate lack of care and attention, Respondent acted recklessly in failing to timely respond to Appellant's petition. The trial court therefore abused its discretion in finding Respondent satisfied her burden to demonstrate good cause. *Ben F. Blanton Const., Inc. v. Castle Hill Holdings XI, L.L.C*, 109 S.W.3d 693, 694 (Mo. App. E.D. 2003) (citing *Hopkins v. Mills–Kluttz*, 77 S.W.3d 624, 626 (Mo. App. E.D. 2002)).

Point II is granted.

*Point I: Reasonable Time*

In Point I, Appellants argue the trial court erred in granting Respondent's February 16, 2022, motion to set aside the default judgment because it was not filed within a reasonable time. Appellants argue Respondent's motion was not filed within a reasonable time because she waited 364 days from the default judgment and failed to explain her delay. Appellants argue the reasonableness requirement of Rule 74.05(d) would be meaningless if any motion filed within 365 days was timely. In determining whether the motion was filed within a reasonable time, Appellants argue we "examine the circumstances surrounding the delay." *Cap. One Bank (USA) NA Successor in Int. to, Cap. One Bank v. Largent*, 314 S.W.3d 364, 367 (Mo. App. E.D. 2010) (citing *First Bank of the Lake v. White*, 302 S.W.3d 161, 168 (Mo. App. S.D. 2009)). Respondent was mailed copies of the motion for default judgment and the default judgment, so she cannot contend she was unaware of the suit. Appellants note we prefer prompt action by movants. *Bell v. Bell*, 849 S.W.2d 194, 198 (Mo. App. W.D. 1993). Appellants cite cases affirming trial court findings that motions filed more promptly than Respondent's were untimely. *First Bank of The Lake*, 302 S.W.3d at 168 (332 days); *Engine Masters, Inc. v. Kirn's, Inc.*, 872 S.W.2d 644, 646 (Mo. App. E.D. 1994) (316 days).

12

Respondent notes our "strong preference for deciding cases on the merits." *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009). Respondent reiterates the bases set out in her affidavit for her delayed response: her age, education, health, good faith, and lack of familiarity with the legal system. Respondent argues we are not bound by the Appellants' cases finding quicker responses untimely because the trial court, in its discretion, determines reasonableness on a case-by-case basis.

Because Point II is dispositive, we decline to address Point I.

*Appellants' Motion for Attorneys' Fees*

On November 1, 2022, Appellants filed a motion for attorneys' fees alleging "they have incurred attorneys' fees in the amount of $8,453.50" defending on appeal the default judgment entered against Respondent. We took this motion with the case. Appellants argue this Court "may award a party reasonable attorneys' fees on appeal if they are authorized by a written agreement that is the subject of the issues presented on appeal." *Jamestowne Homeowners Ass'n Trs. v. Jackson*, 417 S.W.3d 348, 359-60 (Mo. App. E.D. 2013); *Rx Recalls, Inc. v. Devos Ltd.*, 317 S.W.3d 95, 96–97 (Mo. App. E.D. 2010).

Under the American Rule, litigants generally pay for their own attorneys' fees. *Thanhphuong Thi Nguyen v. Dieng Nguyen*, 573 S.W.3d 150, 155 (Mo. App. E.D. 2019). Under the contract exception to this rule, we may award a party their reasonable attorneys' fees "if such fees are authorized by a written agreement that is the subject of the issues raised in the appeal." *Id*. (citing *Frontenac Bank v. GB Invs., LLC*, 528 S.W.3d 381, 397 (Mo. App. E.D. 2017)). This includes issues which "arose out of the litigation to recover damages." *Rx Recalls, Inc.*, 317 S.W.3d at 97. Appellants cite the affidavit of Appellant Sharon Dash, which references Article IX A of the covenants, which provides Appellants are entitled to recover from Respondent their

"reasonable attorneys' fees and costs incurred" in enforcing the covenants. Additionally, the trial court awarded Appellants their "attorney's fees and costs incurred in enforcing the Covenants" in its default judgment before that judgment was set aside. The default judgment further provided Appellants "shall recover reasonable attorneys' fees required for the collection or defending this judgment."

Because Appellants' recovery of attorneys' fees is authorized both by their covenants and the trial court's default judgment, Appellants' motion is granted. Although we have the "authority to allow and fix the amount of attorney's fees on appeal, we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested." *Jamestowne Homeowners Ass'n Trs.*, 417 S.W.3d at 360 (quoting *Rosehill Gardens, Inc. v. Luttrell,* 67 S.W.3d 641, 648 (Mo. App. W.D. 2002)). We remand to the trial court for a calculation of Appellants' reasonable attorneys' fees on appeal.

## Conclusion

Because the trial court abused its discretion in finding Respondent demonstrated good cause to set aside the default judgment, we reverse and remand for proceedings consistent with this opinion. Appellants' motion for attorneys' fees is granted.

_____
Philip M. Hess, Judge

Kelly C. Broniec, P.J. and
James M. Dowd, J. concur.

14