Roger TINSLEY, Respondent,

v.

## B & B ENGINES, INC., and Robert Ahlersmeyer, Jr., Appellants.

### No. ED 77333.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 26, 2000.

Joseph R. Swift, St. Louis, for appellant.

James J. Knappenberger, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

B & B Engines, Inc., and Roger Ahlersmeyer, Jr. (collectively referred to as B & B), appeal from the trial court's denial of a motion to set aside a $15,000 default judgment in favor of Roger Tinsley (Tinsley). B & B argues the trial court erred in (1) denying the motion to set aside the default judgment because B & B showed a meritorious defense and good cause, (2) denying the motion to reconsider because Tinsley did not provide proof of damages, and (3) failing to consider Ahlersmeyer's bankruptcy. We reverse and remand.

On June 30, 1999, Tinsley sued B & B for negligence and breach of implied warranties associated with the construction and installation of an engine in Tinsley's vehicle. B & B was served with process on July 13, 1999. The original hearing date was set for July 26, 1999, but was continued at both counsels' request. The clerk's office told B & B they would

be informed of the new trial date. The new trial date was set for September 13, 1999. B & B failed to appear at the scheduled hearing and a default judgment was entered against B & B for $15,000. B & B's counsel learned of the default judgment on October 19, 1999. Three days later, on October 22, 1999, B & B filed a motion to set aside the default judgment. After a hearing, the trial court denied the motion on December 6, 1999. On January 4, 2000, B & B filed a motion to reconsider.[1] On January 12, 2000, B & B filed an amended motion to reconsider. B & B argued the motion before the trial court on January 24, 2000. Thereafter, the trial court did not rule on the motion and thus it was overruled by operation of Rule 81.05(a)(2)(A). B & B filed a timely notice of appeal on January 10, 2000. This appeal follows.

■ A decision to set aside a default judgment lies within the trial court's discretion, and its decision will not be overturned unless the record indicates an abuse of that discretion. *Yerkes v. Asberry*, 938 S.W.2d 307, 309 (Mo.App. E.D. 1997). However, since courts favor a trial on the merits, discretion not to set aside a default judgment is narrower than discretion to set it aside. *Id.* Thus, appellate courts are more likely to interfere when the trial court has denied the motion to set aside the default judgment. *Id.*

In its first point, B & B argues the trial court erred in denying the motion to set aside the default judgment because B & B showed a meritorious defense and good cause. We agree.

■ Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. *Rule 74.05(d).* In order to show a meritorious defense, the party in default need not present extensive evidence.

*Yerkes*, 938 S.W.2d at 309. Rather, the party need only make a showing of an arguable theory of defense. *Id.* Although there is no universal standard which establishes the components of a meritorious defense, it has been interpreted to mean "any factor likely to materially affect the substantive result of the case." *Id.* Further, the concept of meritorious defense is not intended to impose a "high hurdle," but is designed to allow the case to be decided on the merits where there are legitimate issues to be considered. *Id.* However, bare statements amounting to mere speculations or conclusions fail to meet the pleading requirements. *Id.* To determine compliance with the pleading requirements, appellate courts look to the allegations in the defaulting party's motion, and such other documents as affidavits, exhibits, and proposed answers. *Id.*

Here, B & B asserts by affidavit of Ahlersmeyer the motor was built properly and not negligently and that there were no warranties issued to Tinsley with the motor regarding the work. The affidavit further asserts the damage to the motor was caused by Tinsley's neglect and abuse. We, therefore, find B & B arguably had a meritorious defense.

■ Next we must determine if B & B has shown good cause. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. *Rule 74.05(d).*

■ Here, B & B pursued the case and found out the date would be rescheduled. B & B believed they would be informed of the new date. B & B asserts they never received notice of the rescheduled hearing date. There is evidence in the record the notice was returned to Tinsley's counsel and was unable to be forwarded to B & B. We find there is no evidence B & B's conduct was designed to impede the judicial process. Upon learning of the default

1. A motion to reconsider the setting aside of a default judgment is an authorized after-trial motion that extends the trial court's control over the judgment from thirty days to ninety days. *Klaus v. Shelby*, 4 S.W.3d 635, 638 (Mo.App. E.D.1999).

judgment, B & B promptly moved to set aside. Prompt action by a movant assists in establishing the defendant's good faith required under Rule 74.05(d). *Continental Basketball Ass'n v. Harrisburg Professional Sports Inc.,* 947 S.W.2d 471 (Mo. App. E.D.1997). We, therefore, find B & B had good cause for failing to appear.

Because B & B has a meritorious defense and for good cause shown, we find the trial court abused it discretion in denying the motion to set aside the default judgment. The order denying the motion to set aside the judgment is reversed and the cause is remanded with instructions to set aside the prior judgment and proceed with the litigation. Because B & B's first point is dispositive, it is unnecessary for us to consider B & B's other points.

MARY RHODES RUSSELL, J., and RICHARD B. TEITELMAN, J., concur.