LAWRENCE E. MOONEY, JUDGE
The defendant, Samantha J. Riley, appeals the judgment of the Circuit Court of Marion County denying her Rule 74.05(d)[1] motion to set aside the default judgment entered in favor of the plaintiff, Arleen Jones. In two points on appeal, Riley contends the trial court: (1) abused its discretion in denying her motion because she met her burden of establishing a meritorious defense and good cause to set aside the default judgment, and (2) erred in awarding $100,000 to Jones because the award exceeds the $25,000 recovery limit for actions filed in the associate circuit division of the circuit court under Chapter 517.[2] Because Riley established a meritorious defense and good cause to set aside the default judgment based on her counsel's mishandling of the petition, we reverse and remand.
Factual and Procedural Background
This case arises from an automobile accident in Hannibal, Missouri where the car operated by Riley struck the rear of Jones's car. Jones made a settlement demand of $60,000 in early March 2016. Jones then filed her petition on March 25, 2016 in the associate circuit division of the circuit court, alleging that Riley negligently caused the collision and injured Jones's back. Within eleven days of its filing, representatives of Riley's insurer, American Family Insurance, obtained a copy of the petition from the court's online case information website, Case.net, and forwarded the petition to outside legal counsel, Jon Sanner of the law firm Brinker and Doyen L.L.P., with instructions to defend the suit. At that time, Sanner failed to discern from his review of the petition-which did not specify any dollar amount of damages sought-that Jones had filed her case in the associate circuit division.[3]
On March 31, 2016, the court issued a summons, which was served on Riley on April 9th. The summons required Riley to appear in court on April 28th to answer the petition. Sanner sent Riley a letter dated April 16th, informing Riley that American Family had retained him to represent her, asking that Riley contact him immediately when she was served to discuss the facts of the case and the status of service, and stating that he would enter his appearance to prevent entry of a default judgment. On April 25th, American Family notified Sanner that Riley had been served with the lawsuit. Sanner attempted to *543 reach Riley by telephone to confirm service, but the mobile number Sanner had for Riley was no longer a working number. Sanner reached Riley's husband by telephone, and simply confirmed that Riley indeed had been served. Satisfied that Riley was properly served on April 9th, Sanner then calculated what he mistakenly believed to be the answer date of 30 days after the date of service.
Sanner remained unaware that Jones filed her petition in the associate circuit division because he failed to read the summons on Case.net, which would have informed him that Riley was required to appear in court on April 28, 2016 to answer the petition. Sanner assumed the case had been filed in the circuit division of the circuit court, as opposed to the associate circuit division of the circuit court, based on Jones's earlier demand for damages far exceeding $25,000. As a result, Sanner calculated the due date for the answer to be May 9th.
Riley failed to timely answer or to appear, either personally or through Sanner, on April 28th. Jones requested that the court declare Riley in default, and accordingly enter a judgment against her. Jones requested an award of damages, and submitted her own affidavit in support. The court entered its default judgment against Riley, and awarded Jones $100,000.
Eight days later, unaware that the court had entered the default judgment, Sanner filed an answer to the petition. Sanner immediately thereafter learned that the court had already entered judgment, so on May 10, 2016, Sanner filed a motion to set aside the default judgment entered less than two weeks earlier.[4] In accord with Rule 74.05(d), the motion alleged facts to support a meritorious defense to the lawsuit, and good cause to set aside the default judgment because Sanner mistakenly believed he had 30 days to answer the petition. The motion also asserted that the $100,000 judgment exceeded the $25,000 recovery limit Riley argues applies in all cases filed in the associate circuit division of the circuit court.
The trial court held an evidentiary hearing on Riley's Rule 74.05(d) motion, Sanner testified that he missed the deadline to file an answer because he failed to notice that Jones filed her petition in the associate circuit division, and he failed to read the summons-available on Case.net-that ordered Riley to appear in court on April 28th. Sanner testified that he mistakenly assumed Jones had filed her petition in the circuit division of the circuit court because, in part, Jones had made a pre-suit settlement demand of $60,000, an amount normally pursued in the circuit division rather than the associate circuit division of the circuit court. The trial court then entered its judgment denying without explanation Riley's motion to set aside the default judgment.
In two points on appeal, Riley challenges the denial of her motion to set aside the default judgment, and the award of damages by the associate circuit division of the circuit court in excess of $25,000.
Point I: Whether Riley Showed Good Cause
In her first point on appeal, Riley claims the trial court abused its discretion in denying her Rule 74.05(d) motion because the court could not reasonably have concluded she failed to meet her burden of establishing a meritorious defense to the petition and good cause to set aside the default judgment. We agree.
*544 We review the trial court's decision whether to grant a motion to set aside a default judgment for an abuse of discretion. Brungard v. Risky's Inc., 240 S.W.3d 685, 687-88 (Mo. banc 2007). We will reverse the trial court's judgment only when its ruling is clearly against the logic of the circumstances and so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration. O'Neill v. O'Neill , 460 S.W.3d 51, 55 (Mo. App. E.D. 2015). There exists, however, a strong preference for deciding cases on the merits, and against resolving litigation by default. In re Marriage of Callahan, 277 S.W.3d 643, 644 (Mo. banc 2009). As a result, Missouri courts enjoy broader discretion when granting a motion to set aside a default judgment, id., and have narrowed discretion when denying a motion to set aside, Brungard, 240 S.W.3d at 687.
Rule 74.05(d) provides that a trial court may set aside a default judgment upon motion stating facts constituting a meritorious defense and for good cause shown. "A 'meritorious defense' means proof of any factor likely to materially affect the outcome of the underlying case." Callahan , 277 S.W.3d at 644. The party seeking to set aside a default judgment need only make a showing of an arguable theory of defense. Wanda Myers Living Trust v. Nea Lg Le, 459 S.W.3d 517, 523 (Mo. App. W.D. 2015).
Here, the parties do not dispute that Riley established the meritorious-defense prong of our analysis. Rather, this appeal turns on whether Riley demonstrated good cause to set aside the default judgment. Rule 74.05(d) provides that " '[g]ood cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." In adopting Rule 74.05(d), our Supreme Court broadened considerably the discretion a trial court possesses to forgive the mishandling of legal documents. Billingsley v. Ford Motor Co. , 939 S.W.2d 493, 498 (Mo. App. S.D. 1997). Although the "good cause" element of Rule 74.05(d) eludes precise definition, its purpose is remedial, and courts should apply it with discretion to prevent a manifest injustice or to avoid a threatened one. Id. Courts should interpret "good cause" liberally to include good-faith mistakes, and even negligence, in failing to timely answer. Callahan , 277 S.W.3d at 645.
A person is negligent if her inadvertence, incompetence, unskillfulness, or failure to take precautions precludes her from adequately coping with a possible future emergency. Id. On the other hand, a person is reckless if she consciously chooses a course of action, either with knowledge of the serious danger to others involved or with knowledge of facts that would disclose the danger to a reasonable person. Id. Recklessness involves some amount of deliberateness and risk. Brueggemann v. Elbert , 948 S.W.2d 212, 214 (Mo. App. E.D. 1997). When determining whether a person intentionally or recklessly designed her conduct to impede the judicial process, the court should resolve reasonable doubt in favor of good faith. Billingsley , 939 S.W.2d at 498.
The record before us establishes that Sanner mishandled the pleadings when he failed to read the summons and when he assumed that Jones filed her petition in the circuit division of the circuit court. Had Sanner actually read the summons available on Case.net, and had he more carefully read the petition including its caption, he would have seen that Jones filed her suit in the associate circuit division of the circuit court and that a court date was set. Sanner admitted his errors, *545 and he accepted full responsibility for his mishandling of the petition and summons.
However, the record reveals no conduct that was "intentionally or recklessly designed to impede the judicial process." Sanner did not ignore the case assigned to him. Sanner wrote to Riley explaining that he would handle the case by entering his appearance upon confirming service and preventing entry of a default judgment. He attempted to telephone Riley to confirm service, and being unable to reach her, confirmed with her husband that Riley indeed had been served. Riley understandably could rely on counsel's entry of appearance as her legal counsel and his representation.
Although Sanner may have indeed been negligent in failing to read the summons, in his reading of the petition, and in assuming the petition was filed in the circuit division of the circuit court, the record shows no deliberate acceptance of risk or disregard for risk in Sanner's determination that he had 30 days to answer the petition. Nothing suggests that Sanner intentionally or recklessly ignored the April 28, 2016 court date. On the contrary, Sanner, although mistaken, calculated the 30-day deadline to file an answer for a petition filed in the circuit division of the circuit court, and filed an answer before that deadline. He immediately filed a motion to set aside the default judgment upon learning that the court had already entered judgment, and he accepted full responsibility for his mishandling of the matter. Prompt action in seeking to set aside a default judgment assists in establishing Riley's good faith required under Rule 74.05(d). Wanda Myers , 459 S.W.3d at 523.
Jones contends that the personal conduct of Riley was reckless in failing to appear in court on the return date and to take other actions. Jones argues that Sanner's decision to proceed without reading the summons compounded Riley's own recklessness.
Jones seeks to blame Riley for the default. But the default directly resulted from Sanner's actions in dealing with a matter that he admits he knew was assigned to him, and in failing to read documents that he knew were available on Case.net. Had Sanner answered the petition before April 28, 2016 or had he appeared in court on that date, we would not have a default judgment. Thus, we would have no occasion to evaluate Riley's actions or omissions. Action taken either by Riley herself or by Sanner in answering by the specified court date would have prevented default. In other words, had Sanner not been negligent, there would have been no default, regardless of what Riley herself did or did not do. Jones seeks to require remedial action by both Sanner and Riley when a motion to set aside by either Sanner or Riley would suffice.
We conclude that Riley presented facts sufficient to constitute good cause as required by Rule 74.05(d) for failure to appear and defend. The trial court's failure to set aside the default judgment is an abuse of discretion. We grant Riley's first point.[5]
Point II: Whether the Trial Court's Award to Jones Must Be Reduced
In her second point, Riley contends the trial court erred in awarding $100,000 to Jones because the award exceeded the *546 $25,000 recovery limit for actions filed in the associate circuit division of the circuit court under Chapter 517.[6] Given our determination of Riley's first point, we need not consider her second point, and thus deny it as moot.
Conclusion
The trial court abused its discretion when it denied Riley's motion to set aside the default judgment. We reverse the judgment denying Riley's Rule 74.05(d) motion, and remand the case for further proceedings consistent with this opinion.
MARY K. HOFF, J., concurs.
JAMES M. DOWD, C.J., dissents in separate opinion.
DISSENTING OPINION
I respectfully dissent from the principal opinion's conclusion that the trial court abused its discretion when it refused to set aside the default judgment against Riley. I do not believe that Riley carried her burden under Rule 74.05(d) to demonstrate good cause to set aside the default judgment.
A Rule 74.05(d) motion to set aside a default judgment is an action independent of the original lawsuit and in which the moving party has the burden to plead and prove good cause for setting aside the judgment. Brungard v. Risky's Inc., 240 S.W.3d 685, 688 (Mo. banc 2007) ; see also Sprung v. Negwer Materials, Inc., 775 S.W.2d 97, 99 (Mo. banc 1989) ( "Sprung II" ) ("[Appellant] is required not only to plead its cause, but also to prove it.") (quoting Sprung v. Negwer Materials, Inc., 727 S.W.2d 883, 889 (Mo. banc 1987) ( "Sprung I" ) ).
Generally, the decision whether to grant a motion to set aside a default judgment is governed by the sound discretion of the trial court and an appellate court will interfere with that discretion only if the record convincingly demonstrates abuse. Brungard, 240 S.W.3d at 687-88. An abuse of discretion occurs only when the court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary or unreasonable that it shocks the sense of justice and indicates a lack of careful, deliberate consideration. Kansas City Live LLC v. Bukovac, 494 S.W.3d 573, 576 (Mo. App. W.D. 2016). We presume all factual issues were settled in support of the judgment. Rule 73.01(c); In re Marriage of T.B.G. v. C.A.G., 772 S.W.2d 653, 654 (Mo. banc 1989).
I am mindful that the law favors a decision on the merits. Brungard , 240 S.W.3d at 687. But that generalization must be carefully applied to the facts of each case because the law defends with equal vigor the integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof. Boatmen's First Nat. Bank, Raytown Banking Center v. Krider , 844 S.W.2d 10, 12 (Mo. App. W.D. 1992) (citing Sprung II, 775 S.W.2d at 100 ). While it is certainly true, as the principal opinion states, that a court considering a motion to set aside a default judgment should "resolve reasonable doubt in favor of good faith" in determining whether a person recklessly impeded the judicial process, Billingsley v. Ford Motor Co., 939 S.W.2d 493, 498 (Mo. App. S.D. 1997), that does not grant us license to *547 reverse the decision of a trial court if the record does not demonstrate a reasonable, non-reckless excuse for the default. Rather, as stated above, our standard of review requires us to uphold the default judgment if we can find in the record any reasonable basis for the court to have refused to set it aside. And certainly, our standard of review does not permit us to convict the trial court of abusing its discretion merely because we would have weighed the evidence differently.
As the principal opinion makes clear, this appeal turns on the good cause element of Riley's Rule 74.05(d) motion. We are guided by the long-standing principle that "good cause" includes a mistake or misconduct that is not intentionally or recklessly designed to impede the judicial process. Paskon v. Wright , 230 S.W.3d 24, 29 (Mo. App. E.D. 2007). A person is reckless if they make a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts that would disclose the danger to a reasonable person. Lee v. Lee , 449 S.W.3d 383, 386 (Mo. App. W.D. 2014). Recklessness generally involves some element of deliberateness and risk. Coble v. NCI Bldg. Systems, Inc., 378 S.W.3d 443, 448 (Mo. App. W.D. 2012).
Thus, our focus must be on the defaulting party , in this case appellant Samantha J. Riley, and whether she recklessly impeded the judicial process. See Myers v. Pitney Bowes, Inc., 914 S.W.2d 835, 839 (Mo. App. S.D. 1996) (citing Great S. Sav. & Loan Ass'n v. Wilburn , 887 S.W.2d 581, 584 (Mo. banc 1994) ) ("The good cause requirement of Rule 74.05(d) is satisfied by proving that the party in default did not recklessly or intentionally impede the judicial process."). A Rule 74.05(d) motion does not occasion review of whether counsel committed legal malpractice or was somehow ineffective, but instead calls for review of whether the defaulting party had good cause for failing to respond. And, again, the defaulting party has the burden to plead and prove good cause. Sprung II, 775 S.W.2d at 99.
Turning to the record here, it is undisputed that (1) Riley was served with a summons to appear on April 28, 2016 to answer the petition in this case; (2) she did not appear on that date, nor did her counsel, and she did not timely file an answer; (3) she did not speak with counsel when he called her residence or at any other time; (4) she did not submit an affidavit in support of her Rule 74.05(d) motion to set aside the default; and (5) she did not testify or personally appear at the evidentiary hearing on that motion. Moreover, she did not provide the court with any facts or testimony that she in fact was relying on her counsel to appear on her behalf.
Counsel, for his part, appeared at the hearing and admitted that he failed to read the summons on Case.net and failed to carefully review the petition, including its caption, which would have informed him that an answer to the petition and an appearance by Riley or her representative were required on April 28, 2016. But, unlike Riley, Counsel had not been served with judicial process ordering him to appear and answer. He may have had contractual or ethical obligations to answer the petition but he was not under an order of the court to appear.
Since a default judgment is against the party, not the party's lawyer, a Rule 74.05(d) motion to set aside the default judgment inquires whether the party has demonstrated good cause, not whether the lawyer has done so. And here, Riley utterly failed to show she did anything to prevent the entry of the default judgment and failed to provide the trial court with any reason why she should be excused for it. She did not present any testimony in person *548 or by affidavit to the court to explain her conduct. This, in my judgment, constitutes a clear failure to meet the fundamental requirement on a Rule 74.05(d) motion that Riley present facts showing good cause for her failure to answer.
Yet the majority opinion seeks to backfill this inadequate record with the conduct of Counsel and effectively convicts the trial court of abusing its discretion by failing to infer from the presence of Counsel in the case that Riley did not recklessly impede the judicial process in this case. Perhaps a trial court on a Rule 74.05(d) motion could make that factual inference based on the testimony and record that was before it in this case. But we cannot. We cannot under our standard of review simply assume or infer from this record that Riley was relying on Counsel and that she otherwise would have appeared. It is equally tenable that Riley intentionally ignored the summons and consciously and intentionally decided not to cooperate.
Nevertheless, I agree that when the record demonstrates that a party is relying on an attorney to handle her defense to a lawsuit and the attorney fails to properly do so resulting in a default, we may properly turn our focus to the conduct of the attorney. But that is not the record we have before us.
That is not to say that this is not in some ways a close case. It is just that in close cases, as well as clear-cut ones, deference must be given to the determination of the trial judge as to whether conduct in a particular case is excusable as not being reckless or intentional. Fuller v. Ross , 68 S.W.3d 497, 502 (Mo. App. W.D. 2001) (citing Sears v. Dent Wizard Int'l Corp. , 13 S.W.3d 661, 664 (Mo. App. E.D. 2000) ).
For these reasons, I would affirm.

All rules citations are to the Missouri Supreme Court Rules (2016).

All statutory references are to RSMo. (2016).

The petition prayed for "compensatory damages against defendant in a fair and reasonable amount."

Rule 74.05(d) states that a motion filed under this rule, even if filed within 30 days after judgment, is an independent action and not an authorized after-trial motion.

We do not accept the dissent's reasoning. We cannot find fault with a represented party for her failure to appear, much less find she attempted to impede the judicial process. But even if we did, it is irrelevant because the default would not have occurred but for Sanner's oversight.

Neither party disputes the trial court's jurisdiction to make such an award. In accord with Article V, section 17 of the Missouri Constitution, section 478.220 provides that all circuit and associate circuit judges may hear and determine all cases and matters within the jurisdiction of their circuit courts, subject to enumerated restrictions inapplicable here.