

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| BEHAVIORAL SCIENCE INSTITUTE, INC., | ) | ED110968 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | #19SL-CC01964 |
| | ) | |
| | ) | Honorable Nancy Watkins |
| TRANSITIONAL CENTER, INC., | ) | McLaughlin |
| | ) | |
| Respondent. | ) | Filed: June 6, 2023 |

Behavioral Science Institute, Inc., ("Plaintiff") appeals the judgment granting a motion to vacate or set aside the default judgment and quashing the garnishment issued against Transitional Center, Inc., ("Defendant"). The judgment also awarded attorney's fees to Plaintiff. Plaintiff raises five points on appeal claiming the circuit court erroneously found Defendant filed the motion within a reasonable time and stated facts showing meritorious defenses and good cause to set aside the default judgment. Defendant's third and fourth points pertaining to Plaintiff's failure to demonstrate good cause are dispositive. We therefore reverse the judgment to the extent it sets aside the default judgment.

**Factual and Procedural Background**

Plaintiff is a Missouri corporation and Defendant is an Illinois corporation. In June 2018, Plaintiff and Defendant entered into a contract for Plaintiff to provide counseling services for

Defendant's clients in Illinois. In November 2018, Defendant sent a letter informing Plaintiff it intended to terminate the contract. Plaintiff advised Defendant doing so would be a breach of the contract.

On May 13, 2019, Plaintiff filed a two-count petition against Defendant alleging breach of contract and an action for account stated. The return of service stated Defendant was served on May 31, 2019. Defendant did not file a responsive pleading.

In July 2019, Defendant's counsel contacted Plaintiff's counsel to discuss settlement. In a letter dated July 18, 2019, Plaintiff's counsel confirmed the parties agreed to pursue settlement negotiations and that Plaintiff would not seek a default judgment until at least two weeks after negotiations ended.

On August 28, 2019, Plaintiff notified Defendant that a hearing for default judgment was set for September 13, 2019. Defendant did not appear and, on October 23, 2019, the circuit court entered a default judgment against Defendant for $85,152.50. Plaintiff obtained a garnishment on Defendant's bank account. On February 24, 2020, Plaintiff filed a satisfaction of judgment.

On March 31, 2020, Defendant filed an unverified motion to set aside the default judgment and quash the garnishment. The circuit court held an evidentiary hearing. Neither party presented witness testimony. The circuit court issued an order setting aside the default judgment. The court did not make detailed findings of fact, but concluded Defendant's failure to timely answer the petition was not intentionally or recklessly designed to impede the judicial process. The court further concluded Defendant filed the motion to set aside the default judgment within a reasonable time, that Defendant articulated meritorious defenses and presented facts constituting good cause

to set aside the default judgment.  The circuit court later denominated the order as a final judgment and ordered Defendant to pay Plaintiff $8,975 in attorney's fees.  Plaintiff appeals.[1]

## Standard of Review

A judgment setting aside a default judgment is reviewed for abuse of discretion.  *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687 (Mo. banc 2007).  The circuit court "abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *Hanlon v. Legends Hosp., LLC*, 568 S.W.3d 528, 532 (Mo. App. E.D. 2019).  The circuit court has "broader discretion" to set aside a default judgment and "narrowed discretion" to deny a motion to set aside a default judgment.  *Id.*  "Such deference has been afforded whether the Rule 74.05(d) motion is supported by affidavits and exhibits or by live testimony." *Liora Tech, Inc. v. United Med. Network, Inc.,* 662 S.W.3d 334, 337 (Mo. App. E.D. 2023).  "While Missouri law generally favors disposition on the merits, this "general policy … 'must be carefully applied to the facts of each case in the interest of justice; for, the law defends with equal vigor the integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof.'" *Xtra Lease, LLC v. Pigeon Freight Servs., Inc.*, 662 S.W.3d 309, 313 (Mo. App. E.D. 2023) (quoting *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97, 100 (Mo. banc 1989)).

## Analysis

Rule 74.05(d) authorizes the circuit court to set aside a default judgment if the moving party establishes: (1) a meritorious defense to the suit; (2) good cause for failing to respond to the petition; and (3) the motion was filed within a reasonable time not to exceed one year.  *Irvin v. Palmer*, 580 S.W.3d 15, 23 (Mo. App. E.D. 2019).  Defendant, as the moving party, had the burden

---

[1] Defendant did not file a respondent's brief.

to plead and prove the facts necessary to set aside the default judgment. *Pigeon Freight*, 662 S.W.3d at 313. "A motion to set aside a default judgment does not prove itself and must be supported by affidavits or sworn testimony." *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009). The failure to prove a meritorious defense or good cause requires denial of a motion to set aside a default judgment. *Vogel v. Schoenberg*, 620 S.W.3d 106, 111 (Mo. App. W.D. 2021).

*Good Cause*

"Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). In the motion to set aside the default judgment, Defendant alleged its "former counsel … at [the] time of judgment and for a reasonable time there before and after was impaired by chemical dependency and has recently inactivated his law license." Defendant further alleged counsel's "chemical dependency rendered him incompetent and … [h]is incompetence, unskillfulness, and failures resulting from his chemical dependency were not intended or recklessly designed to impede the judicial process."

"When reviewing a trial court's determination of good cause shown under Rule 74.05(d), we view the evidence in the light most favorable to the ruling and consider only whether there was a sufficient factual basis for the trial court's determination under the totality of the circumstances." *Liora Tech, Inc. v. United Med. Network, Inc.*, 662 S.W.3d 334, 337 (Mo. App. E.D. 2023). Defendant produced no sworn witness testimony, affidavit, or any other evidence supporting its allegation that former counsel's chemical dependency was good cause for the default. While Defendant's counsel argued the issue at the hearing, "[a]rgument of counsel regarding the good cause element is not competent evidence on which the court can base its decision to set aside a default judgment." *Irvin*, 580 S.W.3d at 23–24. Defendant cannot satisfy its burden of proving

4

good cause with counsel's arguments alone. The unsupported allegations regarding former counsel's chemical dependency do not establish a sufficient factual basis to support the circuit court's finding Defendant had good cause for the default.

Alternatively, Defendant alleged:

> Lack of filing a Responsive Pleading based on agreement between counsel that a default would not be taken. Plaintiff's counsel confirmed the agreement in writing via letter dated July 18, 2019, to Defendant's former counsel stating that a default judgment would not be obtained so long as the parties were negotiating, and if negotiations ended, two weeks would be allowed for an answer, unless the parties agreed to a different timeline.

Consistent with Defendant's allegation, the July 18, 2019, letter introduced into evidence at the evidentiary hearing simply confirms Plaintiff agreed to not seek a default judgment while the parties negotiated. This Court has held a sufficient factual basis may support a showing of good cause to set aside a default judgment when the defaulting party negligently relies on the other party's "lulling statements" assuring the defaulting party that no response was required. *Liora Tech*, 662 S.W.3d at 338. There is no such allegation or evidence in this case. Defendant has not even alleged, and the letter does not establish, that negotiations were ongoing, that Defendant relied on any of Plaintiff's statements, or that Plaintiff failed to abide by the agreement. The letter from Plaintiff's counsel showing Plaintiff's intention to not seek a default during negotiations is silent on the central issue of whether Defendant's failure to answer the petition was a "mistake or conduct that is not intentionally or recklessly designed to impede the judicial process" which would support a finding of good cause pursuant to Rule 74.05(d). Moreover, the default at issue occurred when Defendant failed to answer Plaintiff's petition on or before July 3, 2019. Rule 55.25(a) ("A defendant shall file an answer within thirty days after the service of the summons and

5

petition").[2] On this record, the July 18, 2019, letter regarding the parties' post-default negotiations does not show Defendant had good cause to not file an answer on or before July 3, 2019.

Defendant's affidavit is similarly insufficient. Defendant's owner attested in paragraphs 1 through 7 that he is Defendant's owner, Defendant is an Illinois corporation, the contract was not negotiated or signed in Missouri, and all services were performed in Illinois. Defendant's owner further attested:

> 8. [Defendant's] failure to file an answer to the complaint was not intended or negligently or recklessly designed to impede the judicial process.
>
> 9. I believe [Defendant] has a meritorious defense to the breach of contract claim due to the deficient care rendered by [Plaintiff] which was at least in part reason for termination of the contract.
>
> 10. I do not believe [Plaintiff] is entitled to the damages sought in the complaint and it has since received.

Defendant's affidavit provides no evidentiary support for any of its allegations of good cause. The statement that Defendant's "failure to file an answer was not intended or negligently or recklessly designed to impede the judicial process" is simply a conclusory reiteration of Rule 74.05(d). The affidavit does not state any fact supporting this conclusion. Accordingly, Defendant failed to meet its burden of proof to show good cause for the default. Defendant's failure to show good cause requires us to reverse of the circuit court's judgment granting Defendant's motion to set aside the default judgment. *Vogel*, 620 S.W.3d at 111.

---

[2] The record indicates the summons was served on Friday, May 31, 2019. "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included." Rule 44.01(a). The 30-day time period for Defendant's answer commenced on Monday, June 3, 2019, and expired on July 3, 2019.

## Conclusion

We reverse the judgment only to the extent it grants Defendant's motion to set aside the default judgment.

 

 

Renée Hardin-Tammons, Judge

Lisa P. Page, P.J. and
Thomas C. Clark, II, J., concur.