

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| HAZELCREST I & II CONDOMINIUM ASSOCIATION, | ) | No. ED112810 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 23SL-AC24956-01 |
| | ) | |
| 7520 HAZEL CREST LLC, | ) | Honorable Chastidy Dillon-Amelung |
| | ) | |
| Respondent. | ) | Filed: June 3, 2025 |

## Introduction

Appellant Hazelcrest I & II Condominium Association appeals the circuit court's judgment setting aside the default judgment granted in Appellant's favor and against Respondent 7520 Hazel Crest LLC. On appeal, Appellant argues that the circuit court erred in setting aside the default judgment because Respondent failed to meet the requirements of Rules 74.05 and 74.06, under which it brought its motion. Because Respondent failed to prove good cause for setting aside the default judgment, the judgment of the circuit court is reversed.

## Background

In April 2023, Respondent acquired title to a property in Hazelwood, Mo., that is subject to the Declaration for Hazelcrest I & II Condominium, under which Appellant is authorized to levy and recover assessments against the property. After Respondent failed to pay the

1

assessments approximating $1,400, Appellant filed its petition on September 7, 2023, alleging breach of contract for unpaid assessments, unjust enrichment, and judicial foreclosure. The petition was served on Respondent's registered agent, Registered Agents Inc., on September 29, 2023. Respondent failed to appear in court for a hearing on October 11, 2023, file a responsive pleading, or otherwise defend against the action. The circuit court subsequently entered its default judgment in favor of Appellant and against Respondent on October 24, 2023.

On November 9, 2023, Appellant filed a writ for real estate levy seeking to sell the property and satisfy the default judgment with the proceeds, which was granted by the circuit court on December 26, 2023. After Appellant recorded notice of levy on February 16, 2024, the Sheriff of St. Louis County scheduled the sale, and a written notice was sent to Respondent's registered agent on March 15, 2024. The sale was conducted on April 29, 2024, and the property was sold for $38,000. On May 6, 2024, the Sheriff of St. Louis County issued a Sheriff's Deed to the buyer for title to the property.

Also on May 6, Respondent filed its "Motion to Set Aside Default Judgment Pursuant to Rule 74.06 and Affidavit in Support Thereof." In the motion, Respondent alleged that it only learned of the underlying lawsuit and the sale of the property on April 30, 2024, because Respondent's registered agent failed to inform Respondent of the lawsuit after service occurred.

On June 5, 2024, the circuit court held a hearing on the motion to set aside, at which both parties appeared and presented arguments. The circuit court granted Respondent's motion to set aside the default judgment on June 10, 2024. This appeal follows.

**Standard of Review**

Ordinarily, we review a circuit court's grant of a motion to set aside a default judgment for abuse of discretion. *Brungard v. Risky's, Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007). A

2

circuit court abuses its discretion when the ruling is clearly against the logic of the circumstances and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful, deliberate consideration. *State v. Teter*, 665 S.W.3d 306, 318 (Mo. banc 2023). Because we favor trials on the merits, we afford circuit courts broad discretion to grant motions to set aside default judgments and only narrow discretion to deny them. *Brungard*, 240 S.W.3d at 687. "The general policy favoring disposition on the merits, however, 'must be carefully applied to the facts of each case in the interest of justice; for the law defends with equal vigor the integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof.'" *Xtra Lease, LLC v. Pigeon Freight Services, Inc.*, 662 S.W.3d 309, 313 (Mo. App. E.D. 2023) (quoting *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97, 100 (Mo. banc 1989)).

**Discussion**

Appellant raises four points on appeal. In Point I, Appellant argues the circuit court erred in setting aside the default judgment because Respondent did not present sufficient evidence to satisfy the good cause requirement under Rule 74.05(d). In Point II, Appellant asserts that the circuit court erred in setting aside the default judgment because Respondent did not present sufficient evidence proving that it filed its motion to set aside within a reasonable time as set forth within both Rules 74.05(d) and 74.06(c). In Point III, Appellant alleges the circuit court erred in setting aside the default judgment because Respondent did not present sufficient evidence showing a meritorious defense to all the claims raised by Appellant. Finally, in Point IV, Appellant argues that the circuit court erred in setting aside the default judgment because Respondent did not plead or present evidence in support of relief as set forth in Rule 74.06. Because Point I is dispositive of this appeal, we only address Point I.

Rule 74.05(d) authorizes the circuit court to set aside a default judgment "[u]pon motion stating facts" showing good cause and a meritorious defense, if the motion is filed within a reasonable time, not to exceed one year. *Vogel v. Schoenberg*, 620 S.W.3d 106, 111 (Mo. App. W.D. 2021). However, "[f]ailure to establish either the 'good cause' or 'meritorious defense' element of a motion pursuant to Rule 74.05(d) is fatal to the motion." *Hanlon v. Legends Hosp. LLC*, 568 S.W.3d 528, 532 (Mo. App. E.D. 2019) (quoting *Saturn of Tiffany Springs v. McDaris*, 331 S.W.3d 704, 709 (Mo. App. W.D. 2011)). The defendant has the burden to plead and prove the facts necessary to set aside the default judgment. *Xtra Lease, LLC*, 662 S.W.3d at 313.

"When reviewing a circuit court's determination of good cause under Rule 74.05(d), we view the evidence in the light most favorable to the ruling and consider only whether there was a sufficient factual basis for the circuit court's determination under the totality of the circumstances." *Liora Tech, Inc. v. United Med. Network, Inc.*, 662 S.W.3d 334, 337 (Mo. App. E.D. 2023). "Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* at 338. The Supreme Court has elaborated that "[g]ood cause should be given a liberal interpretation and includes good faith mistakes and even negligence in failing to file a timely answer." *Id.* (quoting *In re Marriage of Callahan*, 277 S.W.3d 643, 645 (Mo. banc 2009)). "Recklessness," for Rule 74.05(d) purposes, "includes making a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of the facts which would disclose the danger to a reasonable man." *Vogel*, 620 S.W.3d at 111 (internal citations omitted).

Here, Respondent's motion and affidavit alleged only that their registered agent failed to inform them of the lawsuit after service of the petition. Respondent provided no further explanation in the affidavit or at the hearing regarding how or why the registered agent neglected

to inform Respondent of the lawsuit. On appeal, Respondent further admits that service was proper in this case, but again merely states that the registered agent failed to inform Respondent of the lawsuit.

The Western District recently addressed a similar factual scenario in *Wetzel v. Root Insurance Company*, 702 S.W.3d 469 (Mo. App. W.D. 2024). In *Wetzel*, the defendant argued that the circuit court erred in denying its motion to set aside the default judgment because it had proven good cause in that it submitted an affidavit by its general counsel stating that its registered agent had failed to notify it about the lawsuit until after the default judgment was entered. *Id*. at 475-76. The Western District examined a number of cases in which a party has proven good cause involving a breakdown in communications between an agent or employee following service that prevented proper defense of the suit; however, that court ultimately determined that the defendant had failed to meet the burden satisfied in the other cases proving that the conduct was negligent rather than reckless. *Id*. at 476-77 (citing *Brungard*, 240 S.W.3d at 685-86 (finding good cause where defendant believed he had properly forwarded the suit papers to his insurance company)); *see also Heintz Elec.Co. v. Tri Lakes Interiors, Inc.*, 185 S.W.3d 787, 790, 793-94 (Mo. App. S.D. 2006) (finding good cause where affidavit established that defendant's employee inadvertently threw away the suit papers under the mistaken belief that the papers were from another case); *Myers v. Pitney Bowes, Inc.*, 914 S.W.2d 835, 838-39 (Mo. App. S.D. 1996) (finding good cause where defendant's affidavit established that the summons was lost due to the confusion of an office reorganization and only located after the default judgment had already been entered); *Gibson by Woodall v. Elley*, 778 S.W.2d 851, 853-55 (Mo. App. W.D. 1989) (finding good cause where affidavits established a "series of mishaps" where the documents were sent to the legal department at a time when all attorneys were

attending an out-of-town meeting and the office was staffed by temporary employees who incorrectly filed the documents). Specifically, the *Wetzel* court determined that, because service was proper and not contested, and "notice to an agent is notice to the principal," the defendant failed to present any evidence establishing that the absence of communication between the agent and counsel following service was a good faith mistake. *Id.* at 477 (citing *Chick v. Moving Proz, LLC.*, 699 S.W.3d 449, 454 (Mo. App. W.D. 2024)) ("[defendant] offered no evidence from [its agent] about its role in the process, about what it did or did not do with the Wetzel summons and petition, or why it did not forward the summons to [defendant].").

Likewise, the record here is also devoid of any evidence that the registered agent's failure to inform Respondent of the properly served petition was a good faith mistake rather than recklessness. Because a defendant has the burden to plead and prove the facts necessary to set aside the default judgment, we find that the circuit court abused its discretion in finding that good cause existed to set aside the default judgment. *T Westfall Plaza WCR MO, LLC v. SJB Rest. Grp., LLC*, 689 S.W.3d 216, 222 (Mo. App. E.D. 2024). Point I is granted. Accordingly, we need not decide Appellant's other points.

## Conclusion

We reverse the judgment of the circuit court setting aside the default judgment and remand for the court to enter judgment consistent with this opinion.

_____
Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.